## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-_____

DWIGHT CABALKA,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

      Defendant.

---

## NOTICE OF REMOVAL

---

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its counsel, Sheryl L. Anderson and Andrew K. Lavin of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above action from the District Court, Jefferson County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

### I. INTRODUCTION

1.    On February 8, 2018, Plaintiff commenced an action against State Farm in the District Court, Jefferson County, Colorado, entitled *Dwight Cabalka v. State Farm Mutual Automobile Insurance Company*, Case No. 2018CV30210. *See* **Ex. A**, Plaintiff's Complaint and Jury Demand.  Plaintiff asserted that he is a resident of Colorado. *See id.* at ¶ 1. Plaintiff served Defendant with the Complaint on February 8, 2018. *See* **Ex. B**, Affidavit of Service.[1]

---

[1] The parties agreed to an extension of time through March 15, 2018 for Defendant to file its responsive pleading.

2.      Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(3) as it is filed within thirty days of service of process, which was February 8, 2018.

3.      This is an action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332, because diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. §1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Jefferson County, Colorado, where this action is pending, as the Complaint concerns a motor vehicle accident that occurred in Colorado.

## II. DIVERSITY OF CITIZENSHIP

4.      Plaintiff is a citizen of Colorado. *See* Ex. A, at ¶ 1. Defendant is an Illinois corporation with its principal place of business in Illinois. *See* **Ex. C**, Certificate of Good Standing from the Office of the Secretary of State, State of Colorado, indicating that Defendant is an Illinois corporation; **Ex. D**, Restated Articles of Incorporation of State Farm Mutual Automobile Insurance Company, stating that Defendant's principal place of business is in Illinois; **Ex. E**, Corporate Disclosure Statement. Defendant State Farm is thus a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

## III. AMOUNT IN CONTROVERSY

5.      Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is proper because Plaintiff is seeking a monetary judgment in excess of the $75,000 minimum amount in controversy requirement.

6.      "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the

amount in controversy." 28 U.S.C. § 1446(c)(2). A civil cover sheet filed in State Court in which a plaintiff asserts that more than $75,000 is in issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

7.      The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

8.      Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating, Co. v. Owens,* 135 S. Ct. 547, 553 (2014). "When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

9.      The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

10.     Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "legally certain that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

11.     Attorney fees can be included in determining the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorney fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Likewise, a Court should consider the two-times the covered benefit statutory penalty prescribed in C.R.S. § 10-3-1116 when a plaintiff alleges an extra-contractual claim pursuant to that statute. *See Washington v. Am. Family Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013), *report and recommendation adopted*, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo. Apr. 8, 2013) (citing *Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F.Supp.2d 1107, 1110-11112 (D. Colo. 2012)).

12.     This case arises from a motor vehicle accident that occurred on Colorado State Highway 25 in El Paso County, Colorado. *See* Ex. A, Compl. at ¶¶ 6-8. Plaintiff claims that as a result of this accident, he suffered physical injuries resulting in medical care and treatment, past, present, and future pain and suffering, loss of ability to enjoy life as he did before the accident, wage loss as well as emotional distress and loss of enjoyment of life. *Id.* at ¶¶ 22-23.  At the time of the incident, Plaintiff was insured by an insurance policy issued by State Farm which provided UM/UIM coverage of $100,000 per person. *See id.* at ¶ 25. Plaintiff asserts that Defendant breached the insurance contract by failing, refusing, and/or delaying him UM/UIM benefits under

the policy. *See id.* at ¶ 2.9. Prior to litigation, Plaintiff made a policy limits demand and State Farm offered no benefits.

13.     In addition to asserting his breach of contract claim, Plaintiff claims that pursuant to C.R.S. §§ 10-3-1115 & 10-3-1116, he is also "entitled to recover an amount two (2) times the covered benefit, plus reasonable attorney's fees and costs." *See* Ex. A, Compl. at ¶ 4.11. Therefore, Plaintiff seeks an additional $200,000, attorney fees and costs through this claim.

14.     Plaintiff also pursues damages through a claim that Defendant breached its duty of good faith and fair dealing.  *See* Ex. A, Compl. at ¶¶ 3.2-3.14. Plaintiff claims that due to State Farm's alleged breach, he has been injured and suffered damages in an unspecified amount. *See id.* at ¶ 3.12.

15.     In his Civil Cover Sheet, Plaintiff indicates that a monetary judgment over $100,000 is sought by any party against any other single party. *See* **Ex. F**, Civil Cover Sheet.

16.     The foregoing demonstrates that Plaintiff is seeking damages well in excess of the $75,000 jurisdictional threshold.

### IV. CONCLUSION

17.     Given the amount of damages Plaintiff seeks from Defendant, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

18.     Pursuant to 28 U.S.C. § 1446(a), and D.C.COLO.LCivR 81.1, copies of the current docket sheet and of all pleadings, process, and orders in the State Court case file of which Defendant is aware will be filed contemporaneously with this Notice. There are no pending motions or hearings set in the State Court action.

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Jefferson County, Colorado, and a copy has been served on Plaintiff, as indicated on the attached Certificate of Service.

20.     State Farm states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company hereby removes this action from the District Court, Jefferson County, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 9th day of March, 2018.

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

By:     *S/Sheryl L. Anderson*
          Sheryl L. Anderson, Esq.
          Andrew K. Lavin, Esq.
          1700 Broadway, Suite 1020
          Denver, CO 80290
          Telephone: (303) 830-1212
          Email: sanderson@warllc.com
          dlavin@warllc.com

          *Attorneys for Defendant*

          [Original Signature on File at the Office of Wells, Anderson & Race, LLC]

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and forwarded by U.S. First Class Mail, postage pre-paid, and addressed as follows:

Robert J. Leonard, Esq.
Bell & Pollock, P.C.
5660 Greenwood Plaza Boulevard, Suite 220
Greenwood Village, Colorado 80111

*S/Alana Gray*
Alana Gray, Legal Assistant
[Original Signature on File at the Office of
Wells, Anderson & Race, LLC]