| JEFFERSON COUNTY DISTRICT COURT, COLORADO<br>100 Jefferson County Parkway<br>Golden, Colorado 80401<br>720-772-2500 | |
|---|---|
| | DATE FILED: February 8, 2018 11:07 AM<br>FILING ID: CF9E865F437A8<br>CASE NUMBER: 2018CV30210 |
| **Plaintiff:**   DWIGHT CABALKA<br>v.<br><br>**Defendants:** STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY | ▲ **COURT USE ONLY** ▲ |
| *Attorney for Plaintiff:*<br>Robert J. Leonard, Esq., #21372<br>BELL & POLLOCK, P.C.<br>5660 Greenwood Plaza Boulevard Suite 220<br>Greenwood Village, Colorado 80111<br>Telephone: 303-795-5900<br>Facsimile: 303-730-7000 | Case Number:<br><br> Div: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, the Plaintiff, DWIGHT CABALKA, by and through his attorney, Bell & Pollock, P.C., and hereby submits his Complaint, against the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and states and alleges as follows:

1.    Plaintiff is a resident of Jefferson County, in the State of Colorado, with his principle address at 11771 Elk Head Range Road, Littleton Colorado, 80127.

2.    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter State Farm) is a foreign corporation based in Bloomington Illinois.  The corporation is in good standing and does business in Colorado.

3.    State Farm regularly conducts business and can be found in the County of Jefferson, State of Colorado.

4.    Since the Defendant is a non-resident of this State, the same may be tried in any County in which the Defendant may be found in this State, or in the county designated in the Complaint pursuant to C.R.C.P. Rule 98.

5.    Venue is proper in Jefferson County in this matter pursuant to C.R.C.P. Rule 98.

### AS TO THE ACCIDENT

6.    On or about January 4, 2014, Plaintiff was traveling on Colorado State Highway 25, El Paso County, Colorado.

EXHIBIT A

7.    At the same time, place Nicholas Martinez (hereinafter "Martinez") was driving behind the Plaintiff on Colorado State Highway 25, El Paso County, Colorado.

8.    Plaintiff had slowed for traffic when he was struck from behind by Nicholas Martinez.

9.    Nicholas Martinez failed to stop and crashed directly into the back of the Plaintiff's vehicle.

10.   Nicholas Martinez caused the collision with the Plaintiff.

11.   Nicholas Martinez was not paying attention when he collided with Plaintiff's vehicle.

12.   Nicholas Martinez was not paying attention immediately before the impact and crash.

13.   Nicholas Martinez operated his vehicle negligently.

14.   Nicholas Martinez drove his vehicle carelessly.

15.   Nicholas Martinez driving was the sole cause of the crash and automobile accident.

16.   Plaintiff had a right to believe that Nicholas Martinez would comply with the rules of the road.

17.   Plaintiff did nothing to cause said crash and automobile accident.

18.   Plaintiff was not negligent.

19.   Plaintiff was injured as a result of the crash.

20.   The crash and automobile accident were caused solely by the fault and negligence of Nicholas Martinez.

21.   Nicholas Martinez operated his vehicle in violation of C.R.S. § 42-4-1401, C.R.S. § 42-4-1402, and C.R.S. § 42-4-1008, which constitutes Negligence Per Se.

22.   The crash caused Plaintiff to seek medical care and treatment.

23.   As a direct and proximate result of the crash, Plaintiff suffered physical injuries, suffered past, present, and future pain and suffering, loss of ability to enjoy life as he did before the accident, wage loss, and has incurred medical expenses and has sustained other injuries, damages and/or losses.

24.   All damages are in the past, present, and future.

2

EXHIBIT A

**AS TO THE STATE FARM INSURANCE COVERAGE**

25.   At all times relevant to this action, Plaintiff paid State Farm premiums for his automobile liability insurance policy, No. 051783806G, which was in force at the time of the crash.  The policy also provided uninsured/underinsured motorist (UM/UIM) benefits pursuant to C.R.S. § 10-4-609(4) in the amount of $100,000.

26.   Plaintiff's injuries, losses, and damages far exceed the $50,000 policy limits paid to Plaintiff by Geico insurance to settle his claim against Nicholas Martinez.

27.   Plaintiff's medical bills and wage loss far exceed the $50,000 policy limits paid to Plaintiff by Geico insurance to settle his claim against Nicholas Martinez.

28.   Before Defendant's refusal to pay Plaintiff UM/UIM benefits, under policy No. 051783806G, Plaintiff, through his attorneys, provided documentation to State Farm to show that his economic and non-economic damages, incurred as a result of the January 4, 2014, automobile accident, far exceeded the $50,000 policy limits paid to Plaintiff by Geico insurance to settle his claim against Nicholas Martinez.

29.   All conditions precedent have been met.

**FIRST CLAIM FOR RELIEF**
**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
**STATE FARM**
**(Uninsured/Underinsured Motorist Claim)**

1.1   Plaintiff incorporates herein, as if set forth herein in the Introductory Allegations 1 through 28.

1.2   Nicholas Martinez had a duty to the Plaintiff, and others similarly situated, to operate his motor vehicle with reasonable care and caution to avoid an unreasonable risk of injury to Plaintiff.

1.3   Nicholas Martinez was negligent.

1.4   Nicholas Martinez was underinsured.

1.5   Notwithstanding said duties and obligations, Nicholas Martinez breached his duties and negligently and/or carelessly and/or recklessly caused harm to Plaintiff, thereby causing his injuries, damages, and losses.

1.6   Nicholas Martinez caused Plaintiff's injuries, damages, and losses.

1.7   Nicholas Martinez is an "uninsured and/or underinsured motorist" as defined by the subject insurance policy issued by State Farm to Plaintiff.

EXHIBIT A

1.8     Plaintiff is entitled to UM/UIM benefits under the policy with the State Farm.

1.9     As a result of Nicholas Martinez's negligence, State Farm owes money/benefits to Plaintiff.

1.10    Plaintiff was and is entitled to be paid UM/UIM benefits.

1.11    State Farm is liable to the Plaintiff for UM/ UIM benefits.

1.12    State Farm owes Plaintiff compensation and/or insurance benefits for his injuries, damages, and losses.

1.13    Accordingly, Plaintiff is entitled to bring claims of relief against State Farm for all of his injuries, damages, and losses caused by Nicholas Martinez.

1.14    At all times material hereto, said policy of insurance was a valid and in force subject to the provisions of C.R.S. § 10-4-609.

1.15    Plaintiff is entitled to recover from State Farm for all of his injuries, damages and losses incurred as a result of Nicholas Martinez's negligence, pursuant to the insurance contract and/or Colorado law.

1.16    As a direct, immediate and proximate result of Nicholas Martinez's negligence, Plaintiff has sustained damages, injuries and losses, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, emotional injuries, economic losses and damages, impaired earning capacity, lost time, lost wages, loss of enjoyment of life and all other injuries, damages, and losses of the Plaintiff.

1.17    All damages to the Plaintiff are in the past, present, and future, whether so specifically delineated in each paragraph or not.

        WHEREFORE, the Plaintiff prays for relief all as in more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT STATE FARM

### (Breach of Contract: Uninsured/Underinsured Motorist Claim)

2.1     Plaintiff incorporates herein, as if set forth herein in the Introductory Allegations 1 through 29 as well as the First Claim for Relief.

2.2     At all times material hereto, Plaintiff was covered by an insurance policy under a valid contract with State Farm.

2.3     At all times material hereto, said policy contained limits of the State Farm insurance of $100,000 per person/$300,000 per incident of UM/UIM insurance coverage for the Plaintiff.

EXHIBIT A

2.4   At all times material hereto, said policy was a valid insurance policy and contract subject to the provisions of C.R.S. § 10-4-609.

2.5   Plaintiff has sustained damages that allow him to claim for damages against the underinsured driver, Nicholas Martinez.

2.6   Plaintiff is entitled to UM/UIM coverage under his policy of insurance by virtue of sustaining injuries from an underinsured driver.

2.7   Plaintiff has made a claim to State Farm for coverage under the uninsured/underinsured provisions of the subject policy.

2.8   State Farm has failed, refused or delayed paying on said claim for UM/UIM coverage to Plaintiff.

2.9   State Farm has breached its contract with Plaintiff by failing and/or refusing and/or delaying to pay Plaintiff his UM/UIM benefits for the injuries and damages sustained as a result of the motor vehicle accident which occurred on January 4, 2014.

2.10  As a direct, immediate and proximate result of Nicholas Martinez's negligence, Plaintiff has sustained damages, injuries and losses, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, emotional injuries, economic losses and damages, impaired earning capacity, lost time, lost wages, loss of enjoyment, loss of life, and all other injuries, damages, and losses of Plaintiff.

2.11  State Farm is liable to Plaintiff for all of his injuries, damages, and losses.

2.12  State Farm is liable to the Plaintiff for all of her injuries, damages, and losses caused by their failure to honor their contract with Plaintiff.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### STATE FARM
**(Insurance Bad Faith: Uninsured/Underinsured Motorist Claim)**

3.1   Plaintiff incorporates herein, as if set forth herein in the Introductory Allegations 1 through 29 as well as the First and Second Claims for Relief.

3.2   When investigating, processing and paying the Plaintiff's claim for UM/UIM coverage benefits, State Farm owed and owes duties of good faith and fair dealing to Plaintiff.

3.3   State Farm's duties to the Plaintiff include, among other things, that they treat the Plaintiff's interests equally to its own interests.

5

3.4     State Farm should protect Plaintiff's economic and physical interests and peace of mind.

3.5     State Farm failed to treat its own interests and Plaintiff's interests with equal consideration, creating an adversarial process.

3.6     By intentionally, willfully and/or without justification failing and/or refusing and/or delaying to pay the Plaintiff's claims for UM/UIM benefits in a timely manner, despite the validity thereof, and/or by committing the acts described herein, State Farm has breached its obligations to deal fairly and in good faith with Plaintiff, and State Farm has committed the tort of bad faith breach of insurance contract.

3.7     State Farm has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

     a.     Failing to give equal consideration to the interest of Plaintiff, its insured;

     b.     When investigating Plaintiffs claims, failing to search for evidence that supported their insured's claims diligently;

     c.     Seeking to discover only evidence that defeated their insured's claims;

     d.     Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

     e.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

     f.     Not attempting, in good faith, to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

     g.     Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;

     h.     Forcing Plaintiff into the costly and lengthy process of litigation;

     i.     Relying on policy provisions in its contract that it knows are against public policy and legislative intent to avoid having to pay or reduce a claim;

     j.     Any further acts which may be discovered.

3.8     State Farm's conduct was unreasonable.

3.9   State Farm knew that it's handling of Plaintiff's claim including for UM/UIM benefits, for med pay coverage and benefits, was unreasonable and/or State Farm recklessly disregarded the fact that its conduct was unreasonable.

3.12   As a direct and proximate result of the breaches by State Farm of its duties to Plaintiff, he has been injured and suffered damages.

3.13   Plaintiff has suffered injuries, damages, and losses as result of the conduct and/or as a result of the bad faith treatment by State Farm.

3.14   All damages to the Plaintiff are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### STATE FARM
### (Violation of C.R.S. § 10-3-1113(1), § 10-3-1115 and § 10-3-1116)

4.1   Plaintiff incorporates herein, as if set forth herein in the Introductory Allegations 1 through 29 as well as the First, Second and Third Claims for Relief.

4.2   State Farm is an insurance company, engaged in the business of insurance, and is authorized to do business in the State of Colorado, subjecting it to the provisions of C.R.S. § 10-3-1115 § 1113 and § 1116.

4.3   Plaintiff is a "First-Party Claimant" pursuant to C.R.S. § 10-3-1115.

4.4   State Farm failed to comply with the provisions of C.R.S. § 10-3-1115, by unreasonably delaying or denying a payment of a claim for benefits owed to or on behalf of the Plaintiff, who is a First-Party Claimant.

4.5   State Farm unreasonably delayed and/or denied payment of claims for benefits owed to the Plaintiff.

4.6   This refusal resulted in the delay and/or denial of claims for benefits to be paid under the policy, which were for the benefit of the Plaintiff.

4.7   State Farm has violated the substantive provisions of the statutes referenced in this claim.

4.8   State Farm owes the Plaintiff a duty of good faith and fair dealing, which duties are breached if the insurer improperly delays or improperly denies payment without a reasonable basis for its delay or denial.

EXHIBIT A

4.9     State Farm delay or denial was unreasonable because it delayed or denied payment of a covered benefit without a reasonable basis for that action.

4.10    State Farm had obligations to comply with the prerequisites of C.R.S. § 10-3-1115.

4.11    As a direct, immediate and proximate result of Defendant State Farm ' violation of C.R.S. § 10-3-1115 and pursuant to C.R.S. § 10-3-1116, the Plaintiff is entitled to recover an amount two (2) times the covered benefit, plus reasonable attorney's fees and costs.

        WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

        WHEREFORE, the Plaintiff, Dwight Cabalka, prays for judgment in favor of the Plaintiff and against the Defendant, State Farm Insurance Company, on account of the matters set forth in all of the Introductory Allegations and the First, Second, Third, and Fourth Claims for Relief, in an amount that will fully compensate the Plaintiff for his injuries, damages, and losses, in the past, present and future, including past, present and future medical expenses, past, present, and future pain and suffering, personal injuries, physical injuries, emotional distress, emotional impairment and/or injury, for loss of ability to enjoy life as he did before the accident, for lost time, impaired earning capacity, lost wges, economic losses, out of pocket expenses, quality of life losses, for all damages, injuries, and losses as a result of how Defendant treated Plaintiff, for statutory relief pursuant to C.R.S. § 10-3-1115, § 10-3-1116 and § 10-3-1113(1), for two (2) times the benefit, for attorneys fees, for costs, expert witness fees, interest on such sums as is provided by law, including prejudgment interest, and for such other and further relief as to the Court appears proper in the premises.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**.

        Respectfully submitted this 8th day of February 2018.

                                    BELL & POLLOCK, P.C.
                                    *(Original Signature on File w/Bell & Pollock, P.C.)*

                           By:    */s/ Robert J Leonard.*
                                    Robert J. Leonard, Esq.
                                    *ATTORNEY FOR PLAINTIFF*

**Plaintiff's Address:**
11771 Elk Head Range Road
Littleton, Colorado 80127